## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

Jason Clark Champlin,

    Plaintiff,

v.

Equifax Information Services, LLC, and Hyundai Capital America, Inc. d/b/a Kia Motors Finance,

    Defendants.

Case No.: 2:16-cv-139-WCO-JCF

**COMPLAINT
WITH JURY TRIAL DEMAND**

### PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable reinvestigations with respect to such information.

### PARTIES

1. Plaintiff is a natural person who resides in Habersham County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.     Defendant, Equifax Information Services, LLC ("Equifax"), is a limited liability company formed under the laws of the State of Georgia. Defendant may be served with process via its registered agent, Shawn Baldwin, at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

4.     Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5.     Defendant, Hyundai Capital America (Inc.) d/b/a Kia Motors Finance ("Kia"), is a corporation formed under the laws of the State of California and is registered to do business in the State of Georgia. Kia may be served with process via its registered agent National Registered Agents, Inc., at 1201 Peachtree Street, NE, Suite 1240, Atlanta, Georgia 30361.

6.     Kia regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as the subject Loan at issue in this lawsuit and defined herein, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants frequently and routinely conduct business in the State of Georgia, including the conduct complained of herein.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Gainesville Division because the conduct complained of herein occurred in Habersham County, which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

### *The Bankruptcy Case*

10. On November 7, 2014, Plaintiff and Lori Leigh Champlin (collectively, the "Debtors") filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, commencing Case Number 14-22644-jrs (the "Bankruptcy Case").

11. Kia was listed in Schedule D of the Bankruptcy Petition as a creditor holding a lien on Debtors' 2015 Kia Forte automobile (the "Vehicle").

12. On November 7, 2014, Debtors filed their Chapter 13 Plan (the "Plan"), stating their intent to retain the Vehicle and proposing a reduction of the interest rate on Debtors' loan (the "Loan") with Kia from 10.89% to 4%, as well as a reduction of the Loan's monthly payments from $424.00 to $215.00 up through and including August 2016, after which monthly payments would increase to $425.00.

13. Kia did not object to its proposed treatment under the Plan.

14. The Plan was confirmed by Order of the Bankruptcy Court on May 28, 2015.  A copy of the Order was served upon Kia on May 30, 2015 via the Bankruptcy Noticing Center.

15. Following confirmation, Kia was bound by the terms of the Plan.

16. The Bankruptcy Case is currently pending, and Debtors continue to make their monthly payments on the Loan in accordance with the confirmed Plan.

### *The Consumer Report*

17. On or about March 28, 2016, Plaintiff obtained a copy of his consumer report as published by Equifax.

18. That report contained erroneous information as provided by Kia and as published and reported by Equifax.

19. Specifically, the report lists the Loan as being charged off, delinquent, and having a scheduled payment of $424.00.

20. The Loan tradeline appeared in the Equifax report as follows:

**KIA Motor Finance** 10550 Talbert Ave Fountain Valley CA 92708-6031 : (714) 965-3900

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 2014080055* | 08/21/2014 | | | 72M | Monthly | 12 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/05/2015 | $20,161 | | 07/2015 | $232 | $424 | 01/2015 | | 07/2015 | $20,608 | | | | |

Status - Charge Off; Type of Account - Installment; Type of Loan - Auto; Whose Account - Joint Account; ADDITIONAL INFORMATION - Charged Off Account; Auto;

Account History with Status Codes: 05/2015 3, 04/2015 4, 03/2015 3, 02/2015 2, 01/2015 1

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 02/16 | No Data Available | | | | | | | | |
| 01/16 | No Data Available | | | | | | | | |
| 12/15 | No Data Available | | | | | | | | |
| 11/15 | No Data Available | | | | | | | | |
| 10/15 | No Data Available | | | | | | | | |
| 09/15 | No Data Available | | | | | | | | |
| 08/15 | $20,161 | $424 | $232 | 7/1/2015 | | | | Auto | |
| Additional Information: Charged Off Account | | | | | | | | | |
| 07/15 | $20,608 | $424 | | 5/1/2015 | | | | Auto | |
| Additional Information: Charged Off Account | | | | | | | | | |
| 06/15 | $20,608 | $424 | $215 | 5/1/2015 | $22,243 | | $1,469 | Auto | |
| 05/15 | $20,823 | $424 | $1,075 | 4/1/2015 | $22,243 | | $1,045 | Auto | |

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 04/15 | $21,898 | $424 | | 11/1/2014 | $22,243 | | $1,696 | Auto | |
| 03/15 | $21,898 | $424 | | 11/1/2014 | $22,243 | | $1,272 | Auto | |
| 02/15 | $21,898 | $424 | | 11/1/2014 | $22,243 | | $848 | Auto | |
| 01/15 | $21,898 | $424 | | 11/1/2014 | $22,243 | | | Auto | |
| 12/14 | $21,898 | $424 | | 11/1/2014 | $22,243 | | | Auto | |
| 11/14 | $22,117 | $424 | | 10/1/2014 | $22,243 | | | Auto | |
| 10/14 | $22,243 | $424 | | | $22,243 | | | Auto | |
| 09/14 | $22,243 | $424 | | | $22,243 | | | Auto | |

21. Because the Loan is included in Plaintiff's Bankruptcy Case, and was permanently modified under the confirmed Plan, the derogatory information described above is both false and misleading.

22. In a letter dated May 9, 2016 (the "Dispute Letter"), Plaintiff disputed the inaccurate and misleading information directly to Equifax, advising Equifax that the Loan was included in his Bankruptcy Case and that the status, payment amount, and payment history were being reported incorrectly.

23. The Dispute Letter included, *inter alia*, the Bankruptcy Case Number, Plaintiff's Social Security Number, Plaintiff's Date of Birth, the Account Number, and the Credit Report Number at issue.

24. Upon information and belief, Equifax timely notified Kia of Plaintiff's dispute, as required by 15 U.S.C. § 1681i.

25. In a document dated May 21, 2016, Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings.

26. Equifax provided a copy of the new Loan tradeline as reported, which reproduced the errors identified by Plaintiff in his Dispute Letter regarding the Loan being incorrectly reported as delinquent and as having a scheduled payment amount of $424.00.

27.     Specifically, the new Loan tradeline appeared in the revised May 21, 2016 Equifax report as follows:

[Credit report excerpt for KIA Motor Finance, 10550 Talbert Ave Fountain Valley CA 92708-6031; (714) 965-3900. Account Number 2014080055*; Date Opened 08/01/2014; High Credit $0; Credit Limit $0; Terms Duration 72M; Terms Frequency Monthly; Months Revd 12. Items As of Date Reported 05/21/2016; Balance Amount $17,427; Amount Past Due $0; Date of Last Paymnt 04/2016; Actual Paymnt Amount $232; Scheduled Paymnt Amount $424; Date of 1st Delinquency 11/2014; Date of Last Activity —; Date Maj. Del. 1st Rptd 07/2015; Charge Off Amount $0; Deferred Pay Start Date —; Balloon Pay Amount $0; Balloon Pay Date —; Date Closed —. Status - Included In Wage Earner Plan; Type of Loan - Auto; Whose Account - Joint Account; ADDITIONAL INFORMATION - ; Bankruptcy Chapter 13; Auto; Account History with Status Codes: 05/2015-3, 04/2015-4, 03/2015-3, 02/2015-2, 01/2015-1.]

28.     There is no indication in the "verified" report that Plaintiff has disputed the information reported.

## *Damages*

29.     Defendants, independently and jointly, breached their duties as described herein.

30.     Defendants had actual notice that the information they were reporting regarding Plaintiff and the Loan was false, deceptive, and misleading.

31.     Defendants failed to correct their false, deceptive, and misleading reporting as described herein.

32.     Defendants continued to report the false, deceptive, and misleading information regarding Plaintiff and the Loan.

33.     Accordingly, Defendants' conduct was willful.

34. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

35. Additionally, as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including out-of-pocket expenses in challenging Defendants' wrongful representations regarding the Loan, as well as frustration, worry, and aggravation resulting from such false and misleading representations.

36. Moreover, as a result of the actions and omissions of Defendants, Plaintiff's actual damages also include the illegitimate suppression of his Fair Isaac Corporation ("FICO") credit score and other credit rating model scores. Moreover, their failure to correct and clear the inaccuracies in Plaintiff's Equifax report creates a material risk of financial harm to Plaintiff stemming from the decreased perception of Plaintiff's credit-worthiness.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax)

38.   Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

39.   Pursuant to 15 U.S.C. § 1681e(b), Equifax is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports.

40.   Equifax's duty under 15 U.S.C. § 1681e(b) extends to reinvestigation reports and consumer disclosures.

41.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Equifax had an affirmative duty to independently investigate the disputes submitted by Plaintiff.

42.   Pursuant to 15 U.S.C. § 1681i(a)(2), Equifax was required to communicate the specifics of Plaintiff's disputes to Kia.

43.   A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

44. In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), Equifax was required to review and consider all relevant information submitted by Plaintiff.

45. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Equifax's report.

46. Plaintiff provided all the relevant information necessary for Equifax to reinvestigate and correct the inaccuracies in its reporting.

47. Equifax breached its duties as described herein.

48. If Equifax had conducted a reasonable reinvestigation of Plaintiff's dispute, Equifax would have reviewed and considered all of the information Plaintiff submitted in his Dispute Letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

49. If Equifax had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's Equifax consumer report would have been appropriately corrected.

50. Due to Equifax's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Equifax report was not appropriately modified.

51. Equifax had all the information necessary to correct its reporting. Yet, Equifax failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Equifax's review procedures were not reasonable.

52. The fact that Equifax had all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that Equifax recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

53. Equifax willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in his consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded filings in the Bankruptcy Case.

54. Equifax willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways, including without limitation, by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately modify information in his file and on his consumer report in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded filings in the Bankruptcy Case.

55. As a result of Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

56. Equifax's actions and omissions were willful, rendering Equifax liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)**
**(Kia)**

58. Plaintiff incorporates by reference paragraphs 1-36 as though fully stated herein.

59. Pursuant to 15 U.S.C. § 1681s-2(a), Kia is responsible for providing accurate information whenever it furnishes information to any consumer reporting agency.

60. Upon information and belief, Equifax timely notified Kia of Plaintiff's dispute, and provided Kia with all the relevant information that Plaintiff had submitted.

61. Pursuant to 15 U.S.C. § 1681s-2(b), Kia had a duty to investigate Plaintiff's dispute and accurately report its findings to Equifax.

62. A furnisher's investigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

63. In order to conduct a reasonable investigation, and pursuant to 15 U.S.C. § 1681s-2(b), Kia was required to review and consider all relevant information submitted by Plaintiff to Equifax.

64. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of the consumer report.

65. Plaintiff provided all the relevant information necessary for Kia to investigate and correct the discrepancies in its reporting.

66. Kia breached its duties as described herein.

67. If Kia had conducted a reasonable investigation of Plaintiff's dispute, Kia would have reviewed and considered all of the information Plaintiff submitted to

Equifax in his dispute, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

68. If Kia had conducted a reasonable investigation of Plaintiff's dispute, the tradeline on Plaintiff's consumer report would have been corrected accordingly.

69. Due to Kia's failures to provide accurate information, and failures to conduct reasonable investigations of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's report as described herein was not appropriately modified.

70. Kia had all the information necessary to correct its reporting. Yet, Kia failed to suitably correct its reporting in the face of clear evidence that it was false and misleading. This failure indicates that Kia's review procedures were not reasonable.

71. The fact that Kia had all the information necessary to correct its reporting, yet failed to appropriately do so, further indicates that Kia recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

72. Kia willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's dispute from Equifax; by failing to appropriately report the results of its

investigation; and by failing to appropriately modify the disputed information, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the publicly recorded filings in the Bankruptcy Case.

73. As a result of Kia's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as stated herein. Plaintiff is, therefore, entitled to recover actual damages from Kia under 15 U.S.C. §§ 1681n and 1681o.

74. Kia's actions and omissions were willful, rendering Kia liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

75. Plaintiff is entitled to recover costs and attorneys' fees from Kia pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendants, jointly and severally, for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

d.) Such other and further relief as may be just and proper.

[COUNSEL'S SIGNATURE APPEARS ON NEXT PAGE]

[CONTINUED FROM PRIOR PAGE-COMPLAINT-*Champlin v. Equifax, et al.*]

Respectfully submitted, this 21st day of June, 2016.

**BERRY & ASSOCIATES**

*/s/ Samantha Tzoberi*
Samantha Tzoberi
Georgia Bar No.: 140809
*stzoberi@mattberry.com*
Paul Sieg
Georgia Bar No. 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (770) 766-1230
Fax (678) 383-2598

*Plaintiff's Attorneys*